Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| RICARDO MÁRQUEZ GONZÁLEZ, SU SEÑORA MADRE YVONNE GONZÁLEZ PÉREZ<br>Apelados<br><br>v.<br><br>DIANA M. FEBRE ALEMAÑY; RAFAEL CARMELO FEBRE RODRÍGUEZ, SU ESPOSA DIANA ALEMAÑY SAISIS y LA SOCIEDAD LEGAL DE BIENES GANANCIALES; JOHN DOE A, B y C; COMPAÑÍA ASEGURADORA X Y Z<br>Apelantes | KLAN202400611 | Apelación procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm.<br>D DP2018-0052<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Comparece la señora Diana N. Febre Alemañy, (señora Febre Alemañy), el señor Rafael Carmelo Febre Rodríguez (señor Febre Rodríguez), y la señora Diana Alemañy Saisis, (señora Alemañy Saisis), (en conjunto, parte apelante), mediante recurso de *apelación*, solicitando que revoquemos la *Sentencia* emitida el 18 de mayo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Luego de celebrado el juicio en su fondo, en el que se desfiló tanto prueba documental como testifical, el foro primario declaró *Ha Lugar* la demanda en daños y perjuicios presentada por los apelados de epígrafe, por lo que ordenó a la parte apelante indemnizarlos.

Ante nosotros la parte apelante alza varios errores, la mayoría concernientes a la valoración de la prueba presentada en el juicio y las

correspondientes determinaciones de hechos alcanzadas por el tribunal *a quo* al emitir la *Sentencia*, además de un error de derecho sobre el interés legal que correspondía imponerse. Adelantamos que la parte apelante no nos persuade para intervenir con la valoración de la prueba realizada por el TPI, pero tiene razón en cuanto al señalamiento sobre el interés legal correspondiente. Veamos.

## I. Resumen del tracto procesal

Limitándonos a lo que concierne el recurso ante nos, según fue alegado en la *Demanda enmendada* instada por el señor Ricardo Márquez González (señor Márquez González o apelado), y la señora Yvonne González Pérez, madre de este, (señora González Pérez), (en conjunto, parte apelada), el 11 de febrero de 2017, a eso de las 11:30 am, el señor Márquez González se encontraba conduciendo una motora por la carretera 867, vía principal, y al llegar al kilómetro 4.4 intersección con la carretera 8867, venía la señora Febre Alemañy conduciendo su vehículo de motor, GMC, Envoy, saliendo de una vía secundaria, impactándolo en la pierna, lanzándolo a la carretera. Como resultado, el apelado sufrió múltiples traumas y laceraciones, por lo que tuvo que ser hospitalizado por espacio de un mes, sometido a una operación de cadera, tomados puntos de sutura y sufrido la amputación de la pierna derecha. La madre del apelado, también demandante, tuvo que cuidar a su hijo en tales condiciones. Por todo ello, estos solicitaron al TPI que ordenara a la parte apelada el pago de la indemnización correspondiente.

Fueron incluidos como codemandados en la referida *Demanda enmendada* el señor Febre Rodríguez, como dueño registral del vehículo que conducía la señora Febre Alemañy, y la esposa del primero, junto a la sociedad de bienes gananciales que constituían.[1]

---

[1] También fueron incluidos como codemandados el señor Kevin Rivera De Félix, esposo de la señora Febre Alemañy, junto a la presunta sociedad de bienes gananciales constituidas por estos, pero fue dictada Sentencia Parcial desestimatoria de dicha

En respuesta, la parte apelada presentó *Contestación a Segunda Demanda Enmendada y Reconvención enmendada.* Luego de admitir y negar varias de las alegaciones, aseveró que el informe policial levantado sobre los hechos le imputó la responsabilidad al apelado, juzgando que este había invadido el carril contrario, lo que dio lugar a que por su descuido y negligencia impactara el vehículo que conducía la señora Febre Alemañy. En la *Recovención* incluida parte apelante adujo que el señor Márquez González conducía la motora a exceso de velocidad, invadió el carril por donde conducía la señora Febre Alemañy, y tal conducta negligente fue la causante del impacto.

A lo anterior siguió un amplio descubrimiento de prueba, en el que las partes intercambiaron requerimiento de admisiones, e interrogatorios, además de someter el *Informe de Conferencia.*

Entonces, el 19 de octubre de 2022, fue celebrado el juicio en su fondo, en el cual, según lo consignó el TPI en la *Sentencia* apelada, **examinó prueba documental y testifical, y, aquilatada la credibilidad que esta le mereció**[2], enumeró cuarenta y una determinaciones de hechos, concluyendo que el accidente tuvo como causa la negligencia de la señora Febre Alemañy al conducir el vehículo de motor, razón por la cual debía indemnizar a los apelados. El foro apelado también determinó que hubo negligencia concurrente por parte del apelado, la que valoró en un veinticinco por ciento. Al tenor, el TPI ordenó a la parte apelante a pagar solidariamente la cantidad de $93,750.00 al apelado, Ricardo Márquez González, y $17,250.00 a la apelada, Yvonne González Pérez, en concepto de indemnización. Por último, determinó que dichas cantidades devengarían intereses correspondientes al interés legal prevaleciente

---

causa de acción pues estos estaban casados con capitulaciones matrimoniales, mediante completa separación de bienes.

[2] Apéndice del recurso de apelación, *Sentencia*, págs. 40, 47, 48 y 52.

**desde la presentación de la demanda**, hasta la satisfacción del pago en su totalidad.

Oportunamente la parte apelante presentó *Moción de Reconsideración, Determinaciones de Hecho adicionales* y *Nuevo Juicio.*

Sin embargo, el TPI la declaró *No Ha Lugar.*

Es así como la parte apelante presentó el recurso de *apelación* ante nuestra consideración, esgrimiendo los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO EMITIR DETERMINACIONES DE HECHO CÓNSONAS CON LA PRUEBA PRESENTADA Y ESTIPULADA.
>
> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO EMITIR DETERMINACIONES DE HECHO RELACIONADOS A LOS ACTOS CULPOSOS DEL DEMANDANTE.
>
> TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO EMITIR DETERMINACIONES DE HECHO QUE ESTABLECIERAN CLARAMENTE EL LUGAR DEL ACCIDENTE.
>
> CUARTO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO ADJUDICAR UN PORCENTAJE DE NEGLIGENCIA COMPARADA CÓNSONA CON LA PRUEBA PRESENTADA.
>
> QUINTO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL OTORGAR CUANTÍAS DE SUFRIMIENTOS, GASTOS MÉDICOS Y ANGUSTIAS LEGALES NO PROBADOS Y SIN PRESENTAR EVIDENCIA DE LOS MISMOS.
>
> SEXTO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL ADJUDICAR UN INTERÉS LEGAL ERRÓNEO EN SU SENTENCIA.

El 16 de agosto de 2024, la parte apelada presentó *Alegato en oposición a apelación.*

Aunque, de ordinario, las incidencias procesales narradas hubiesen dado lugar a que consideráramos perfeccionado el recurso de apelación presentado, nos percatamos de que los primeros cinco señalamientos de error incluidos en dicho recurso referían a la presunta

apreciación errónea de la prueba por el TPI. En consecuencia, el 12 de septiembre de 2024, haciendo uso de nuestra discreción, emitimos una *Resolución* concediéndole término de diez (10) días a la parte apelante para que acreditara el método de reproducción de la prueba a ser utilizada.

En respuesta, la parte apelante presentó *Moción en cumplimiento de resolución*, informando que: 1) se disponía a reproducir la prueba oral mediante el método de la transcripción; 2) interesaba presentar un Alegato suplementario con el propósito de hacer referencia a las porciones de la transcripción que fueran relevantes a los señalamientos de error.

De conformidad, el 20 de septiembre de 2024 emitimos otra *Resolución,* esta vez estableciendo los términos en que la parte apelante gestionaría la regrabación de los procedimientos del caso, presentaría la transcripción de la prueba, y luego su *Alegato suplementario.* Además, dispusimos del término que la parte apelada tendría para presentar escrito en oposición a alegato.

No obstante, la parte apelante nunca presentó la transcripción de la prueba oral, ni mucho menos el alegato suplementario donde discutiera la prueba testifical desfilada ante el TPI. Ante lo cual, y pasado en extremo los términos que le concedimos para tales gestiones, hemos decidido dar por perfeccionado el recurso presentado y resolverlo.

**II. Exposición de Derecho**

a.

La Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, dispone que: *[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos.*

A partir de lo anterior, es norma conocida en nuestro ordenamiento jurídico que, *ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. Ortiz Ortiz v. Medtronic PR.*, 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). Por ello, *la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada, lo cual incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz. Ortiz Ortiz v. Medtronic PR.,* supra*; Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). De esta manera, *la llamada deferencia judicial está predicada en que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. Santiago Ortiz v. Real Legacy et al.,* supra, pág. 219. Véase, *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).

Ahora bien, incurre en pasión, prejuicio o parcialidad *aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna. Dávila Nieves v. Meléndez Marín,* supra, pág. 782. Por su parte, el error manifiesto ocurre cuando el foro apelativo *queda convencido de que se cometió un error, a pesar de que haya evidencia que sostenga las conclusiones de hecho del tribunal, porque existe un conflicto entre las conclusiones y el balance más racional, justiciero y jurídico de la totalidad*

*de la evidencia recibida. Íd.*, pág. 772. Véase, además, *Méndez v. Morales*, 142 DPR 26, 36 (1996).

b.

Atado a lo discutido en los párrafos que preceden, se ha de conocer que la Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 19, dispone que:

> *Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.*

En armonía, la Regla 21 del mismo Reglamento, 4 LPRA Ap. XXII-B, R. 21, dispone que:

> *Cuando se cuestione la apreciación de la prueba hecha por el Tribunal de Primera Instancia, el apelante podrá presentar un alegato suplementario treinta días después de la presentación de la exposición estipulada o narrativa de la prueba, o de la transcripción, con el propósito de hacer referencia a las porciones de la exposición o de la transcripción que sean relevantes a sus señalamientos de error. El apelante indicará al Tribunal, al presentar la exposición o transcripción de prueba, que presentará un alegato suplementario.*

Cónsono con lo cual, nuestro Tribunal Supremo ha advertido que cuando las determinaciones de hechos que se pretenden impugnar se basan en prueba testifical, es imprescindible que se lleve al foro apelativo la transcripción de la vista celebrada o una exposición narrativa de la prueba, pues en ausencia de esta difícilmente se podrá descartar la determinación impugnada. *Camacho Torres v. AAFET*, 168 DPR 66 (2006). Por esto, es tarea del peticionario presentar al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones del tribunal *a quo*. *Pueblo v. Pérez Delgado*, 2023 TSPR 35. En definitiva, *ante la presunción de corrección que revisten las determinaciones del foro primario, quien desee impugnar las mismas deberá colocar al tribunal*

*revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada. Íd.*

c.

La Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 44.3, dispone lo siguiente en cuanto a la imposición de intereses legales:

a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia **desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha**, incluyendo las costas y honorarios de abogado. El tipo de interés se hará constar en la sentencia. La Junta fijará y revisará periódicamente la tasa de interés por sentencia, tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la presentación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

b) El tribunal también impondrá **a la parte que haya procedido con temeridad** el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero **y desde la presentación de la demanda, en caso de daños y perjuicios**, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, dependencias o funcionarios o funcionarias en su carácter oficial. El tipo de interés se hará constar en la sentencia.

(Énfasis provisto).

Tal imposición tiene como propósito evitar la dilación irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias a la brevedad posible. Sin embargo, en *González Ramos v. Pacheco Romero*, 209 D.P.R. 138, 146 (2022), fue advertido que: "los intereses presentencia solo proceden sobre la cuantía de la sentencia, sin incluir costas y los honorarios de abogado, **si la parte perdidosa actuó con temeridad en la tramitación de un pleito** y si este se trata de una demanda en cobro de dinero o por daños y perjuicios."

### III. Aplicación del Derecho a los hechos

a.

Según llamamos la atención en nuestra *Resolución* de 12 de septiembre de 2024, los primeros cinco señalamientos de error esgrimidos por la parte apelante en su recurso de apelación cuestionan la apreciación de la prueba realizada por el foro apelado, la adjudicación de credibilidad sobre la prueba testifical desfilada, y las determinaciones de hechos alcanzadas a partir de tal ejercicio valorativo. Aunque en el recurso de apelación la parte apelante aludió a la prueba documental que tuvo ante su consideración el foro apelado al hacer sus determinaciones de hechos como causa para revertir la determinación apelada[3], en varias ocasiones también hizo referencia expresa a la prueba testifical que desfiló ante el TPI que, a todas luces, fue valorada junto a la documental al momento de hacer las determinaciones de hechos.

En específico, con respecto a la prueba testifical desfilada, la parte apelante afirmó, entre otras, que: la señora Febres Alemañy *presentó su testimonio en juicio*, relativo a cómo ocurrieron los hechos; la parte demandante no pudo precisar con la evidencia documental, ni prueba especializada *o testifical* el lugar exacto dónde ocurrió el accidente, ni las millas a cuánto conducía; que el señor Márquez González admitió, tanto en el requerimiento de admisiones, *como en su testimonio*, que al momento del accidente no tenía ni había tenido licencia de conducir motocicletas, las luces no estaban encendidas y tampoco tocó bocina; que varias de las determinaciones de hechos alcanzadas por el TPI, *no concuerdan con la prueba desfilada*; que no se pasó prueba testifical sobre los sufrimientos alegados o gastos incurridos.

---

[3] En este sentido, la parte apelante llamó nuestra atención a que el TPI admitió como prueba: el Informe de Conferencia, y las estipulaciones por las partes allí plasmadas; los interrogatorios y requerimientos de admisiones de las partes; fotos provistas; declaraciones juradas y; el Informe de inspección de vehículos de accidentes graves. Recurso de *apelación*, págs. 5-8.

A ello respondió la parte apelada en su *Alegato en oposición a apelación* que sí se presentó prueba testifical sobre cada uno de los asuntos mencionados en el párrafo que precede. En este sentido, dicha parte afirmó que el señor Márquez González declaró sobre cómo ocurrió el accidente, proveyendo datos sobre el mismo, sobre los daños que sufrió a causa de ello y, de igual forma, se pasó prueba testifical sobre el sufrimiento de la madre, quien, a su vez, también testificó al respecto.

Nos detuvimos en los dos párrafos que preceden para ilustrar que las determinaciones de hechos alcanzadas por el TPI estuvieron sustentadas o nutridas por el sopesar tanto de la prueba documental, como de la testifical desfilada, por lo que, ante la ausencia de una transcripción de la prueba oral, y el consecuente alegato suplementario, se imposibilitó llevar a cabo nuestra labor revisora sobre los hechos que se intentaban impugnar. Por ejemplo, no podemos especular si la parte apelada desfiló prueba o no sobre las circunstancias en que ocurrió el accidente o los daños que alegó haber sufrido, cuando no tenemos idea sobre lo que esta testificó en el juicio, al no contar con la transcripción de sus testimonios. Es la parte apelante, como promovente de la revisión de las determinaciones de hechos, la que tenía el peso de reproducir la prueba oral y precisar dónde en dicha transcripción quedaba demostrado que el ejercicio de credibilidad del foro primario estuvo mediado por error, pasión, prejuicio o intervino un error manifiesto. Sin embargo, la parte apelante ni siquiera llegó a presentarnos la reproducción de la prueba oral, a pesar de que le advertimos que los primeros cinco errores versaban sobre la impugnación del ejercicio de credibilidad que llevó a cabo el foro apelado sobre la prueba testifical presentada.

En definitiva, lo cierto es que, al realizar sus determinaciones de hecho, el tribunal *a quo* aquilató no solo la prueba documental que le presentaron las partes, sino también la testifical, (tan buena como la

documental, de haber sido creída por el foro primario), para entonces llegar a sus conclusiones de derecho. El foro primario expresamente hizo constancia en la *Sentencia* apelada de que llegó a las determinaciones de hechos luego de haber sopesado la prueba testifical presentada, concediéndole credibilidad a la desfilada por la parte apelada. Entonces, a pesar de que en los cinco primeros señalamientos de error se cuestionaron asuntos atinentes a la apreciación de la prueba, la parte apelante no cumplió con el mínimo de proveernos la transcripción de la prueba oral, y con ello renunció a que pudiéramos ejercitar nuestra limitada labor revisora de las determinaciones de hechos presuntamente impugnadas. Por tanto, estamos impedidos de determinar si el juzgador incurrió en pasión, prejuicio o parcialidad, o si la prueba no resultó suficiente en derecho para sostener las determinaciones de hechos alcanzadas.

La referida omisión impide que este foro intermedio pueda reexaminar de forma sustancial las determinaciones de hecho cuestionadas, obligando a dar deferencia a la apreciación probatoria realizada en el foro primario respecto a los primeros cinco señalamientos de error. A fin de cuentas, reiteramos, *ante la presunción de corrección que revisten las determinaciones del foro primario, quien desee impugnar las mismas deberá colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada. Pueblo v. Pérez Delgado*, 211 DPR 654, 674 (2023).

### c.

Con todo, la parte apelante sostiene que el TPI también incidió al determinar que el punto de partida para el cómputo del interés legal en este caso era la fecha de presentación de la demanda, en lugar de la

fecha en que se dictó la Sentencia, a pesar de no haber concluido que actuara con temeridad. Tiene razón.

Según citamos de la Regla La Regla 44.3(c) y (d) de Procedimiento Civil, *supra*, la imposición del interés legal se computa a partir de que se dicte la sentencia, salvo que se trate de un caso de daños y perjuicios, y cuando la parte hubiese procedido con temeridad. Es decir, en lo pertinente, bajo el inciso (d) de la Regla 44.3 aludida, para que el foro primario quede habilitado para imponer el interés legal presentencia, deben concurrir dos requisitos: 1) que se trate de un caso de daños y perjuicios; 2) que la parte hubiese procedido con temeridad. En el caso ante nuestra consideración se verifica el primero de dichos requisitos, más no el segundo.

Afirmamos lo anterior pues, al verificar el contenido y la parte dispositiva de la *Sentencia* apelada, resulta evidente que carece de una determinación sobre temeridad. Es decir, el TPI no concluyó que la parte apelante hubiese procedido con temeridad en la consideración de este pleito. Ante ello, el cómputo del interés legal debió ordenarse y calcularse desde la fecha en que se dictó la *Sentencia* y hasta que esta sea satisfecha.

## VI. Parte dispositiva

Por los fundamentos expuestos, ordenamos modificar la *Sentencia* apelada a los únicos efectos de que el interés legal sea calculado desde la fecha en que se dictó la sentencia, al no haberse acreditado la temeridad de las partes apelantes. Así modificada, la *Sentencia* apelada se confirma en todos sus demás términos.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones